158 N.J. Super. 179 (1978)
385 A.2d 924
WINDMILL ESTATES, INC. AND ALBERT RUTHERFORD AND GRACE RUTHERFORD, PLAINTIFFS-RESPONDENTS,
v.
ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF TOTOWA, BUILDING INSPECTOR OF THE BOROUGH OF TOTOWA, MAYOR & COUNCIL OF THE BOROUGH OF TOTOWA ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 13, 1978.
Decided March 28, 1978.
*180 Before Judges ALLCORN, MORGAN and HORN.
Messrs. Corrado & Higgins, attorneys for the appellants.
Messrs. Donato and Donato filed a statement in lieu of brief on behalf of respondents.
PER CURIAM.
In essence, the Law Division found that the current zoning ordinance of defendant municipality offended the precepts laid down in South Burl. Cty. N.A.A.C.P. v. Mt. Laurel Tp., 67 N.J. 151 (1975), and that, were it not for the fact that Totowa was not a developing community, the ordinance would be declared invalid. The court then reviewed the provisions of the newly enacted Municipal Land Use Act (N.J.S.A. 40:55D-1 et seq.) and concluded that N.J.S.A. 40:55D-2 "leaves no doubt that this section was drafted with the principles of the Mt. Laurel decision in mind, without, however, the limiting feature of the concept of a `developing community.'" 147 N.J. Super. 65 at 74. The court went on ultimately to hold that
The present zoning ordinance would be fatally deficient if enacted pursuant to the Municipal Land Use Act. Past exclusionary practices *181 cannot shield Totowa from its obligation to meet its fair share of housing needs in the future. [Citation omitted] Therefore, to the extent that the present zoning ordinance is incompatible with N.J.S.A. 40:55D-2 (especially subsection (g)) for failure to provide for multi-family dwelling units or other suitable housing for, but not limited to, employees recruited to work in industries attracted to Totowa, the borough is enjoined from adopting the present zoning ordinance or any substantially similar ordinance as its interim zoning ordinance pursuant to N.J.S.A. 40:55D-90. [at 75-76]
Subsequent to the determination of this cause in the Law Division our Supreme Court had occasion to deal with the problem of the effect of Mt. Laurel upon the zoning ordinances of built-up communities, as well as with the impact of the Municipal Land Use Act (N.J.S.A. 40:55D-1 et seq.). The court there stated [Pascack Ass'n, Ltd. v. Washington Tp. Mayor and Council, 74 N.J. 470 (1977)]:
The only apparent substantive use change in the recent Municipal Land Use Law specifically dealing with housing density is that authorizing "senior citizen community housing construction consistent with provisions permitting other residential uses of a similar density in the same zoning district." N.J.S.A. 40:55D-21; 52 g. See Taypayers Association of Weymouth v. Weymouth Tp., 71 N.J. 249, 288-289, 296-297 (1976).
To the extent that it is held in Windmill Estates, Inc. et al. v. Zoning Board of Adjustment of the Borough of Totowa et al., 147 N.J. Super. 65 (Law Div. 1976), that anything contained in the Municipal Land Use Law affects or alters the developing municipality criterion of Mount Laurel, we disapprove such holding. [at 486, fn. 4]
In light of the foregoing, that portion of the judgment of the Law Division enjoining the defendant municipality from adopting "the present zoning ordinance or any substantiary [sic] zoning ordinance as its interim zoning ordinance pursuant to N.J.S.A. 40:55D-90" is reversed, and the cause is remanded with directions to enter judgment in favor of defendants against plaintiffs dismissing the count or counts of the complaint challenging the constitutionality of the zoning ordinance of defendant municipality.